IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:22-cv-00160-MOC-DSC

| | |
|---|---|
| REBECCA CARTER, ) | |
| ) | |
| Plaintiff, ) | **DEFENDANT'S ANSWER AND** |
| ) | **AFFIRMATIVE DEFENSES TO** |
| vs. ) | **PLAINTIFF'S AMENDED COMPLAINT** |
| ) | |
| DARE FOODS INCORPORATED, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**NOW COMES** Defendant DARE FOODS INCORPORATED ("Dare" or "Defendant"), by and through its undersigned counsel, and Answers Plaintiff's Amended Complaint by stating as follows:

**FIRST DEFENSE**

Defendant responds to the specifically enumerated allegations in the Complaint filed by Plaintiff as follows:

**NATURE OF THE CASE**

1.     The allegations contained in Paragraph 1 of Plaintiff's Complaint are legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the allegations in Paragraph 1.

2.     With regard to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant admits Plaintiff is a former employee of Dare.  The remaining allegations in Paragraph 2 of Plaintiff's Complaint are denied.

3.     Defendant denies the allegations in Paragraph 3.

4.     The allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

5.     The allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

6.     The allegations contained in Paragraph 6 of Plaintiff's Complaint are denied.

## PARTIES

7.     The allegations contained in Paragraph 7 of Plaintiff's Complaint are admitted upon information and belief.

8.     The allegations contained in Paragraph 8 of Plaintiff's Complaint are admitted.

## JURISDICTION AND VENUE

9.     Defendant denies the allegations in Paragraph 9.

10.     Defendant admits venue is proper in this jurisdiction because Defendant does business in this jurisdiction.  Defendant denies the remaining allegations in Paragraph 10.

## ADMINISTRATIVE PROCEDURES

11.     The allegations contained in Paragraph 11 of Plaintiff's Complaint are admitted upon information and belief.

12.     The allegations contained in Paragraph 12 of Plaintiff's Complaint are admitted upon information and belief.

13.     The allegations contained in Paragraph 13 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 13 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

## FACTUAL ALLEGATIONS

14.     The allegations contained in Paragraph 14 of Plaintiff's Complaint are admitted.

15.     The allegations contained in Paragraph 15 of Plaintiff's Complaint are admitted.

16.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore denies the same.

17.     Defendant denies the allegations contained in Paragraph 17.

18.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore denies the same.

19.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies the same.

20.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20, and therefore denies the same.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.     The allegations contained in Paragraph 23 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 23 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

24.     The allegations contained in Paragraph 24 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 24 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

25.     The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied .

26.     The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied.

27.     The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

28.     The allegations contained in Paragraph 28 of Plaintiff's Complaint are denied.

29.     The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30.     The allegations contained in Paragraph 30 of Plaintiff's Complaint are denied.

31. The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied.

32. The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

33. The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied.

34. The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35. The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

36. The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

37. The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

38. The allegations contained in Paragraph 38 of Plaintiff's Complaint are denied.

39. The allegations contained in Paragraph 39 of Plaintiff's Complaint are denied.

40. The allegations contained in Paragraph 40 of Plaintiff's Complaint are denied.

41. The allegations contained in Paragraph 41 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 41 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

42. The allegations contained in Paragraph 42 of Plaintiff's Complaint are denied.

43. The allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

44. The allegations contained in Paragraph 44 of Plaintiff's Complaint are denied.

## FIRST CAUSE OF ACTION

45. Defendant realleges and incorporates herein by reference the responses to Paragraphs 1-44 as through fully set forth herein.

46. The allegations contained in Paragraph 46 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 46 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 47 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

48.     The allegations contained in Paragraph 48 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 48 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

49.     Defendant denies the allegations in Paragraph 49.

50.     The allegations contained in Paragraph 50 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 50 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

51.     Defendant denies the allegations in Paragraph 51.

## SECOND CAUSE OF ACTION

52.     Defendant realleges and incorporates herein by reference the responses to Paragraphs 1-51 as though fully set forth herein.

53.     The allegations contained in Paragraph 53 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 53 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

54.     The allegations in Paragraph 54 of Plaintiff's Complaint are denied.

55.     The allegations in Paragraph 55 of Plaintiff's Complaint are denied.

56.      The allegations contained in Paragraph 56 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 56 of Plaintiff's Complaint is deemed necessary, those allegations are denied..

57.     The allegations in Paragraph 57 of Plaintiff's complaint are denied.

58.     The allegations in Paragraph 58 are denied.

### **THIRD CAUSE OF ACTION**

59.     Defendant realleges and incorporates herein by reference the responses to Paragraphs 1-58 as though fully set forth herein.

60.     The allegations in Paragraph 60 of Plaintiff's Complaint are denied.

61.     The allegations contained in Paragraph 61 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 61 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

62.     Defendant lacks sufficient information to form a belief as to the allegations in Paragraph 62 and therefore deny the same.

63.     The allegations in Paragraph 63 of Plaintiff's Complaint are denied.

64.     The allegations in Paragraph 64 of Plaintiff's Complaint are denied.

65.     The allegations in Paragraph 65 of Plaintiff's Complaint are denied.

66.     The allegations in Paragraph 66 of Plaintiff's Complaint are denied.

67.     The allegations in Paragraph 67 of Plaintiff's Complaint are denied.

68.     The allegations in Paragraph 68 of Plaintiff's Complaint are denied.

### **FOURTH CAUSE OF ACTION**

69.     Defendant realleges and incorporates herein by reference the responses to Paragraphs 1-68 as though fully set forth herein.

70.     The allegations contained in Paragraph 70 of Plaintiff's Complaint constitute legal conclusions to which no response is required. To the extent a response to the allegations contained in Paragraph 70 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

71.     The allegations in Paragraph 71 of Plaintiff's Complaint are admitted.

72.    The allegations contained in Paragraph 72 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 72 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

73.    The allegations contained in Paragraph 73 of Plaintiff's Complaint constitute legal conclusions to which no response is required.  To the extent a response to the allegations contained in Paragraph 73 of Plaintiff's Complaint is deemed necessary, those allegations are denied.

74.    The allegations contained in Paragraph 74 of Plaintiff's Complaint are denied.

75.    The allegations contained in Paragraph 75 of Plaintiff's Complaint are denied.

76.    The allegations contained in Paragraph 76 are denied.

77.    **DEFENDANT DENIES THE ALLEGATIONS CONTAINED IN SECTIONS 1 THROUGH 8 OF PLAINTIFF'S PRAYER FOR RELIEF.**

78.    **EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S AMENDED COMPLAINT, INCLUDING THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.**

**SECOND DEFENSE**

79.    Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state any claims upon which relief can be granted.

**THIRD DEFENSE**

80.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver of estoppel, and unclean hands.

**FOURTH DEFENSE**

81.    Any injuries or damages allegedly suffered by Plaintiff were the direct and proximate result of Plaintiff's own conduct.

**FIFTH DEFENSE**

82.     Pursuant to the after-acquired evidence doctrine, Plaintiff's alleged claims and damages are barred in whole or in part to the extent it is shown she engaged in misconduct prior to, during, or in connection with her employment, that otherwise would have resulted in his discharge if such conduct were then known to Dare and Dare is entitled to assert the after-acquired evidence rule to further reduce any damage Plaintiff may be entitled to, if any.

**SIXTH DEFENSE**

83.     Plaintiff's claims are barred, in whole or in part, because any actions taken with respect to Plaintiff were based upon legitimate, non-retaliatory reasons unrelated to any alleged protected activity.

**SEVENTH DEFENSE**

84.     Plaintiff has failed and neglected, in whole or in part, to use reasonable means to protect herself from loss and to mitigate the alleged losses and damages complained of in the Complaint.

**EIGHTH DEFENSE**

85.     All actions taken by Dare with respect to Plaintiff's employment were reasonable, in good faith and without actual or implied malice or the intent to interfere with Plaintiff's rights, thereby barring Plaintiff's alleged claims and damages, in whole or in part.

**NINTH DEFENSE**

86.     Dare made good faith efforts to prevent unlawful conduct in the workplace, and thus cannot be liable for the decision of any agents to the extent the challenged employment decisions ae alleged to be contrary to its efforts to comply with applicable law.

## TENTH DEFENSE

87.     While Dare denies it has committed or has responsibility for any actions that might support the recovery of punitive damages in this lawsuit, to the extent that any such actions may be found, the imposition of punitive damages is barred in whole or in part by the United States Constitution and/or North Carolina Constitution.

## ELEVENTH DEFENSE

88.     Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff.  To the extent Plaintiff has failed to make reasonable attempts to mitigate her damages, Plaintiff's damage claims must be reduced.

## TWELFTH DEFENSE

89.     Because Plaintiff's Complaint is, in part, couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action.  Accordingly, Defendant's right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

## THIRTEENTH DEFENSE

90.     Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies and/or comply with statutory prerequisites to bringing this action.

## FOURTEENTH DEFENSE

91.     Dare pleads all applicable statutes of limitation that bar, in whole or in part, recovery by Plaintiff.

## FIFTEENTH DEFENSE

92.     Dare is entitled to recover its costs of court and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

## SIXTEENTH DEFENSE

93.     At all times pertinent herein, Plaintiff did not have a disability within the meaning of 42 U.S.C. § 12102 (2), nor was Plaintiff perceived by Defendant as having a disability, and therefore, she has no standing to initiate this action and no right to any relief under the ADA.

## SEVENTEENTH DEFENSE

94.     At all times pertinent herein, Plaintiff was not a qualified individual with a disability within the meaning of 42 U.S.C. § 12111(8), and therefore she has no standing to initiate this action and no right to any relief under the ADA.

## EIGHTEENTH DEFENSE

95.     Even if Plaintiff was a qualified individual with a disability as defined by the ADA, Dare had no knowledge thereof.

## NINETEENTH DEFENSE

96.     Despite the fact Plaintiff did not have a disability and was not a qualified individual with a disability within the meaning of the ADA, Dare made a good faith effort to reasonably accommodate Plaintiff.

## TWENTIETH DEFENSE

97.     In the alternative, but without in any way waiving the foregoing defenses that Plaintiff is not disabled, and/or not a qualified individual with a disability, in the event it is determined Plaintiff is disabled and is a qualified individual with a disability, Dare avers it met

any obligations to engage in an interactive process with Plaintiff to identify reasonable accommodations.

## TWENTY-FIRST DEFENSE

98. In the alternative, but without in any way waiving the foregoing, Dare avers it made reasonable accommodations available to Plaintiff, which Plaintiff rejected.

## TWENTY-SECOND DEFENSE

99. Dare made good faith efforts to accommodate Plaintiff.

## TWENTY-THIRD DEFENSE

100. To the extent that Plaintiff sought accommodations beyond those offered to her by Dare, such accommodations were unreasonable and would have imposed an undue hardship on Dare.

## TWENTY-FOURTH DEFENSE

101. Plaintiff exhausted her entitlement to any emergency paid sick leave under FFCRA.

## TWENTY-FIFTH DEFENSE

102. Plaintiff was not entitled to job restoration following the exhaustion of her emergency paid sick leave under the FFCRA because Plaintiff advised she was not able to return to work.

## TWENTY-SIXTH DEFENSE

103. Plaintiff would be unjustly enriched if she were allowed to both retain monies she was paid from sick leave and were to be paid "unpaid wages" under FFCRA. Any wages already received must be offset or credited against any wages allegedly due to Plaintiff.

## <u>TWENTY-SEVENTH DEFENSE</u>

104.     Assuming, arguendo, Plaintiff is able to establish that his protected classification played any part in any decisions of which she complains in the Amended Complaint, Defendant would have made the same decisions even in the absence of any unlawful consideration.

**WHEREFORE**, having answered each and every allegation contained in Plaintiff's Amended Complaint, Defendant makes the following prayer for relief:

1.     That Plaintiff have and recover nothing by way of her Compliant.

2.     That the costs of this matter be taxed to Plaintiff, including attorneys' fees;

3.     For a trial by jury of all issues of fact so triable; and

4.     For such other and further relief as the Court may deem just and proper.


Respectfully submitted this the 16th day of September, 2022.

> **JACKSON LEWIS P.C.**
>
> BY:  */s/ H. Bernard Tisdale, III*
> H. BERNARD TISDALE III
> N.C. State Bar No. 23980
> JOSHUA R. ADAMS
> N.C. State Bar No. 49038
> 200 South College Street
> Suite 1550, 15th Floor
> Charlotte, North Carolina 28202
> Tel: (980) 465 7237
> Fax: (704) 333-7764
> Bernard.Tisdale@jacksonlewis.com
> Joshua.Adams@jacksonlewis.com
>
> *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:22-cv-00160-MOC-DSC

| | | |
|---|---|---|
| REBECCA CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| DARE FOODS INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

The undersigned certifies that on September 16, 2022, the foregoing *Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint* was electronically filed with the Clerk of the Court, using the Court's CM/ECF electronic service system, by which a copy shall be served on Plaintiff, through her Counsel at:

C. Kiel Garella, Esq.
Garella Law, P.C.
409 East Boulevard
Charlotte, North Carolina 28203
Kiel@GLjustice.com
*Attorney for Plaintiff*

**JACKSON LEWIS P.C.**

BY: */s/ H. Bernard Tisdale, III*
H. BERNARD TISDALE III
N.C. State Bar No. 23980
JOSHUA R. ADAMS
N.C. State Bar No. 49038
200 South College Street
Suite 1550, 15th Floor
Charlotte, North Carolina 28202
Tel: (980) 465 7237
Fax: (704) 333-7764

Bernard.Tisdale@jacksonlewis.com
Joshua.Adams@jacksonlewis.com

*Attorneys for Defendant*